IN THE SUPERIOR COURT OF CHATTOOGA COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR
CHATTOOGA COUNTY
**2025CA45829**
APR 15, 2025 04:04 PM

Kim Windle James, Clerk
Chattooga County, Georgia

CIVIL ACTION NUMBER  2025CA45829

Vanderhoof, Todd

**PLAINTIFF**

VS.

SRAM, LLC

**DEFENDANT**

## SUMMONS

TO: SRAM, LLC

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**William Compton
Morgan and Morgan, P.C.
501 Riverside Ave.
Suite 1200
Jacksonville, FL 32202
mcompton@forthepeople.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 15th day of April, 2025.**

Clerk of Superior Court

Kim Windle James, Clerk
Chattooga County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CHATTOOGA COUNTY, GEORGIA
**2025CA45829**
APR 15, 2025 04:04 PM

Kim Windle James, Clerk
Chattooga County, Georgia

IN THE SUPERIOR COURT FOR CHATTOOGA COUNTY
STATE OF GEORGIA

TODD VANDERHOOF,

    **Plaintiff**　　　　　　　　　　　　　CIVIL ACTION

    v.　　　　　　　　　　　　　　　　　FILE NO._____

SRAM, LLC.

    **Defendant.**

_____/

## COMPLAINT

**COMES NOW** the Plaintiff, TODD VANDERHOOF ("Plaintiff") by and through his undersigned counsel, files this Complaint against Defendant, SRAM, LLC. In support thereof, Plaintiff states the following:

### SUMMARY OF THE ACTION

1. Plaintiff brings this civil action to recover for the injuries he suffered when defective and unreasonably dangerous TruVativ Descendant 35mm Riser Carbon Downhill Handlebar ("subject handlebar") malfunctioned and broke under ordinary and foreseeable use.

2. Plaintiff sues Defendant for their role in designing, manufacturing, importing, distributing, supplying, and selling the subject handlebar in a defectively dangerous condition and otherwise causing Plaintiff's injuries.

### THE PARTIES, JURISDICTION, & VENUE

3. Plaintiff is a Georgia resident and citizen who lives in Dawson County, Georgia.

4. Defendant, SRAM, LLC ("SRAM") is a Delaware limited liability company with its principal place of business located in Chicago, IL.

5. SRAM may be served with process through its registered agent, Cogency Global, Inc., located at 600 South Second St, Suite 404, Springfield, IL 62704.

6. SRAM is a major bicycle component manufacturer known for producing high-performance bike parts.

7. SRAM owns several well-known cycling component brands, including Rockshox, TruVativ, Zipp, Quarq, Time, Hammerhead, and others.[1]

8. SRAM derives substantial revenue from designing, manufacturing, assembling, producing, selling, distributing, and/or delivering bicycle component parts to consumers throughout the United States.

9. SRAM designed, manufactured, assembled, produced, sold, distributed, and/or delivered the subject handlebars to Plaintiff that was involved in the incident, which forms the basis for this Complaint.

10. This Court has subject matter jurisdiction pursuant to O.C.B.A § 15-6-8 and the Georgia State Constitution.

11. This Court is authorized to exercise personal jurisdiction over SRAM pursuant to the Georgia Long-Arm Statute, O.C.B.A § 9-10-91, because the causes of action stated herein arise out of SRAM:

  a. Transacting any business within Georgia;

  b. Committing a tortious act or omission within Georgia;

  c. Committing a tortious injury in Georgia caused by an act or omission outside Georgia where SRAM regularly does or solicits business, or engages in any other

---

[1] https://www.sram.com/en/truvativ

persistent course of conduct, or derives substantial revenue from goods sued or consumed or services rendered in Georgia.

12. At all times herein relevant, SRAM was regularly doing business with the State of Georgia and sold products within the State of Georgia and sold products within the state of South Carolina that it marketed, inspected, serviced, and sold.

13. SRAM regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the state of Georgia.

14. SRAM expects and should reasonably expect its acts to have consequences in Georgia and derives substantial revenue from commerce with citizens and residents of the state of Georgia, as well as from interstate commerce.

15. SRAM regularly transacts business with citizens of residents of the state of Georgia and contracts to supply its goods and services to the state of Georgia.

16. Upon information and belief, SRAM operates a worldwide dealer and service network that includes local bike shops. These shops can become SRAM-authorized dealers, receive partnership opportunities, access warranty and service support, and obtain technical training, including shops in Georgia.

17. Venue is proper in this Court because the tortious acts, omissions, and/or injuries that form the basis of this lawsuit occurred in Chattooga, Georgia.

## STATEMENT OF FACTS

18. On January 23, 2024, Plaintiff purchased the subject handlebars directly from Defendant.

19. Upon information and belief, the subject handlebars were installed onto Plaintiff's Mountain bike by an SRAM-authorized dealer bike shop in Georgia.

20. Documentation proves the subject handlebars were installed according to SRAM's specifications.

21. On June 22, 2024, Plaintiff was mountain biking at a local bike park.

22. Plaintiff was wearing full protective gear.

23. While descending a hill, the subject handlebars unexpectedly failed and snapped, causing Plaintiff to crash face-first into the ground.

24. The impact to Plaintiff's head caused him to lose consciousness for several minutes. He was rushed to the emergency room, where he was diagnosed with a traumatic brain injury and received extensive stitches for deep lacerations on his face and forehead. Plaintiff's foot also sustained serious injuries, requiring steroid injections, and surgery has been recommended.

25. Additionally, since the incident, Plaintiff has experienced persistent headaches and memory problems.

26. Plaintiff suffered permanent and life-altering injuries as a result of this incident.

27. The subject handlebars were being used in a reasonably foreseeable manner at the time of the incident.

28. The subject handlebars are defective in their design, manufacture, and/or warning.

29. The subject handlebars defective condition rendered the subject handlebars unreasonably dangerous for its intended, designed, and foreseeable uses.

30. The subject handlebars were the direct and proximate cause of the injuries to Plaintiff, who suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical,

nursing care and treatment. His losses are either permanent or continuing and she will suffer the losses in the future.

31. SRAM was well aware of the risks to human health posed by the defective subject handlebars. SRAM knew, or should have known, that the subject handlebars could pose significant health risks to consumers.

32. SRAM negligently designed, manufactured, assembles, distributed, marketed, imported, inspected, maintained, serviced, and/or sold the defective subject handlebars that could break and snap unexpectedly, under ordinary use and without warning.

33. The risk of danger associated with designing, manufacturing, distributing, supplying, and selling the subject handlebars as it was outweighs any real or perceived benefits. At the time the subject handlebars were designed, manufactured, distributed, supplied, and sold, alternative designs, formulations, and methods of manufacturing existed that would have resulted in a safer and more useful product with little to no increase in cost.

34. The subject handlebars defective and unreasonably dangerous condition existed at the time the subject handlebars left SRAM's final possession, custody, and control.

35. Upon information and belief, SRAM prioritized profits over safety, knowingly disregarding the defective and hazardous nature of the subject handlebars.

36. Upon information and belief, there are numerous documented instances where similar handlebars designed, manufactured, distributed, supplied, and sold by SRAM failed in a similar manner. Despite this knowledge, SRAM took no action and allowed the subject handlebars to remain in the market, recklessly and intentionally disregarding the potential risks and safety concerns.

## COUNT I—STRICT LIABILITY

37. Plaintiff re-alleges and incorporates paragraphs 1 through 36 of this Complaint as if fully stated herein.

38. SRAM is engaged in the business of and derives profit from designing, manufacturing, assembling, producing, selling, distributing, delivering, inspecting, warranting, retailing, wholesaling, marketing, and advertising bicycle component parts, including selling the subject handlebars to Plaintiff.

39. On June 22, 2024, Plaintiff was using the subject handlebars for its ordinary purpose.

40. SRAM knew or in the exercise of due care should have known that the subject handlebars was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to product users, consumers, and/or bystanders.

41. SRAM is strictly liable as the subject handlebars were not properly and adequately designed, manufactured, inspected, tested, labeled, packaged, distributed, sold, or had adequate warnings for, and the subject handlebars was not in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances would come into contact with the subject handlebars, including Plaintiff.

42. The subject handlebars were defective unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Plaintiff.

43. On the date of the subject incident, the subject handlebars were substantially unchanged from its condition as sold and maintained by SRAM.

44. As a direct and proximate result of the subject handlebars defective condition, Plaintiff sustained injuries.

**WHEREFORE**, Plaintiff, TODD VANDERHOOF, demands judgment against Defendant, SRAM, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE

45. Plaintiff re-alleges and incorporates paragraphs 1 through 36 of this Complaint as if fully stated herein.

46. SRAM is engaged in the business of and derives profit from designing, manufacturing, assembling, producing, selling, distributing, delivering, inspecting, warranting, retailing, wholesaling, marketing, and advertising bicycle component parts, including selling the subject handlebars to Plaintiff.

47. On June 22, 2024, Plaintiff was using the subject handlebars for its ordinary purpose.

48. On the date of the subject incident, the subject handlebars were substantially unchanged from its condition as sold and maintained by SRAM.

49. SRAM was under a duty to properly and adequately design, manufacture, assemble, produce, inspect, test, label, provide adequate warnings for, package, distribute and/or sell the subject handlebars in a reasonably safe condition so as to not present a danger to users and/or bystanders who reasonably and foreseeably, under ordinary circumstances, would come into contact with the subject handlebars, including Plaintiff.

50. SRAM owed a duty of care to manufacture the subject handlebars in such a way that did not render the subject handlebars defective and unsuited for its intended use, or otherwise dangerous to consumers.

51. SRAM owed a duty to adequately test, inspect, and assure the quality of the subject handlebars before placing it into the stream of commerce.

52. SRAM owed a duty to provide adequate warnings, instructions, and information with the subject handlebars.

53. SRAM owed a duty to notify and warn Plaintiff about the subject handlebar's defective and dangerous condition.

54. SRAM beached the above duties.

55. SRAM's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff, TODD VANDERHOOF, demands judgment against Defendant, SRAM, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT III—BREACH OF WARRANTY OF MERCHANTABILITY

56. Plaintiff re-alleges and incorporates paragraphs 1 through 36 of this Complaint as if fully stated herein.

57. There is privity between Plaintiff and SRAM.

58. SRAM is engaged in the business of and derives profit from designing, manufacturing, assembling, producing, selling, distributing, delivering, inspecting, warranting, retailing, wholesaling, marketing, and advertising bicycle component parts, including selling the subject handlebars to Plaintiff.

59. SRAM placed the subject handlebars on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. SRAM knew or should have known that ultimate users, operators, consumers, and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

60. On the date of the subject incident, the subject handlebars were substantially unchanged from its condition as sold and maintained by SRAM.

61. SRAM warranted and represented safe operation and performance of the subject handlebars to Plaintiff during its initial sale to them by way of their business. Such warranties and representations included specifically representations that the subject handlebars were fit for the purposes it was intended to be used.

62. The subject handlebars were defective and in an unreasonably dangerous condition when sold and maintained by SRAM because of design, manufacturing, inspection, and warning defects that caused the subject handlebars to suddenly break and snap during ordinary and intended use.

63. SRAM's lack of inspection, testing, or quality control in connection with the subject handlebars' performance, coupled with its representations and warranties about safe

performance, rendered the subject handlebars unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including Plaintiff.

64. The subject handlebars failed to perform safely as warranted and represented by SRAM in connection with its sale.

65. For the reasons set above, the subject handlebars were defective and unreasonably dangerous to foreseeable users and/or bystanders, including Plaintiff, who came into contact with the subject handlebars in an ordinary and foreseeable manner.

66. The defects above directly and proximately caused the subject incident and injuries to Plaintiff.

**WHEREFORE**, Plaintiff, TODD VANDERHOOF, demands judgment against Defendant, SRAM, LLC, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, TODD VANDERHOOF, hereby demands a jury trial on all issues so triable.

Dated: April 15, 2025

Respectfully submitted,

MORGAN & MORGAN

/s/ *William Maxwell Compton*
**William Maxwell Compton**
Georgia Bar No.: 380092
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Ste. 1200

Jacksonville, FL 32202
Email: mcompton@forthepeople.com

/s/ *Eitan J. Goldrosen*
**EITAN J. GOLDROSEN\*, ESQ.**
Florida Bar No.: 1025140
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (321) 361-3537
Email: egoldrosen@forthepeople.com
Secondary Email:
angelinarodriguez@forthepeople.com

*Attorneys for Plaintiff*
*\*Georgia Pro Hac Vice forthcoming*