# IN THE SUPERIOR COURT OF CHATTOOGA COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TODD VANDERHOOF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No.: |
| ) | 2025CA45829 |
| SRAM, LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

Plaintiff, Todd Vanderhoof, by and through his undersigned attorney and pursuant to O.C.G.A § 9-11-33 hereby serves his objections and responses to Defendant, SRAM, LLC's First Interrogatories to Plaintiff, served on June 2, 2025.

### PRELIMINARY STATEMENT

Plaintiff has not fully completed his investigation of the circumstances and facts relating to this Incident, has not completed discovery, and has not completed preparation for trial of this action. It is anticipated that further discovery, independent investigation, and analysis may supply additional documents, evidence, and information. Plaintiff's responses to this Request are based solely on such documents, evidence, and information that are presently available and specifically known to Plaintiff and are given without prejudice to Plaintiff's right to supplement these responses.

## **GENERAL OBJECTIONS**

1) Plaintiff objects to the Discovery Requests to the extent they purport to impose burdens on Plaintiff beyond those to which Plaintiff are subject under the Rules of Civil Procedure or this Court's Orders.

2) By providing responses to these Discovery Requests, Plaintiff does not concede that any information contained herein or in documents produced is relevant, material, discoverable, or admissible into evidence. Plaintiff reserves any rights it has to the use of such information as evidence.

3) Plaintiff objects to the Discovery Requests to the extent they seek any information protected by the work-product doctrine and/or attorney-client privilege.

4) Plaintiff objects to these Discovery Requests to the extent they call for legal conclusions.

5) Plaintiff will supplement its responses to these Discovery Requests to the extent required to do so by the Rules of Civil Procedure, the rules of this Court or this Court's Orders. Plaintiff reserves the right to use at the trial in this matter all such additional information obtained through subsequent discovery.

6) Plaintiff reserves the right to assert additional objections and to supplement these General Objections. By reason of these responses, Plaintiff does not waive or intend to waive their right to assert additional objections as appropriate and to otherwise supplement these responses.

7) Each of Plaintiff's General Objections is incorporated by reference into the responses set forth below as if fully set forth therein. The following responses are, therefore, made subject to each of these General Objections. The assertion of the same, similar or additional objections and specific objections to an individual Discovery Request, or the failure to

assert any additional objection to a Discovery Request, does not waive any objection of Plaintiff.

8) Plaintiff objects generally to these Discovery Requests on the grounds that they are in many respects not directed toward the discovery of admissible evidence nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORIES

1. Please identify (by stating name, address, and telephone number) each person who was an eyewitness to the Incident; has knowledge of facts or circumstances concerning the Incident, your alleged injuries and/or your alleged damages; and has investigated any aspect of the incident or your claims.

   ANSWER: Plaintiff is the only witness to this incident.

2. Please identify (by stating name, address, and telephone number) each person you expect to call as an expert witness at trial. For each such expert witness state: the subject matter to which he or she is expected to testify; the substances of the facts and opinions to which he or she is expected to testify; and a summary of the grounds for each such opinion.

   OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

   ANSWER: Plaintiff reserves the right to reserves the right to supplement this response as ongoing medical evaluation and treatment records are received and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

3. Please identify (by stating name, address, and telephone number) each person you have retained or specially employed in anticipation of litigation or preparation for trial and who you do not expect to call as a witness at trial.

   OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert

privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

ANSWER: Plaintiff reserves the right to reserves the right to supplement this response as ongoing medical evaluation and treatment records are received and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

4. As to each person who has given a written or oral statement concerning the Incident reference in the Complaint or your alleged injuries and damages, please state his/her name, the date his/her statement was taken, by whom his/her statement was taken, and the current custodians(s) of said statement.

ANSWER: None to Plaintiff's knowledge besides medical providers identified in MR000001-000393. Plaintiff will supplement this response if additional individuals are identified in discovery.

5. Please state in as much detail as possible what physical and mental injuries you claim you have suffered in the Incident, including all parts of her body injured, the extent of the injuries, and any limitations on function or activities of daily living you claim you suffered as a result of said injuries.

OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

ANSWER: Subject to and without waiving the foregoing objections, Plaintiff states the following:

- Plaintiff suffered a traumatic brain injury, my cognitive functionality significantly decreased. This caused a delay in the required training for his career. Being a clinical robotics specialist, Plaintiff is required to complete Mako Robotics training to be able to operate a Mako robot in the operating room. Once he can do so, he receives a $5,000 raise for being promoted from an Associate CSS to a CSS and then another $2,500 for each procedure that he can cover solo. The Mako can do total knee, partial knee, and total

4

    hip replacements. $2,500 raise per procedure x 3. So, another $7,500. Along with $2,500 for being able to cover a non-robotic knee replacement and $2,500 for a non-robotic hip replacement. For another $5,000. Plaintiff's injury caused problems with short term and long-term memory, so his training had to be delayed causing a loss in earnings. The promotion to CSS also comes with an increased bonus from 5% to 7% of the total salary. Starting salary of $60,000 at 5%. The injury delayed this promotion to 7% at $,000. CSS stands for Clinical Sales Specialist which means that a lot of my job is sales related, and the cognitive decline caused issues with memory thus affecting his ability to remember names and pertinent product information. Because of this, Plaintiff was not able to go on sales missions that would produce more profit for my team and increase possible end of the year bonuses.

- Plaintiff also suffered a facial laceration above his eyebrow leaving a permanent scar. This also kept Plaintiff from going on sales missions and from being in the operating room after the accident due to possible exposure to biohazards.
- Finally, Plaintiff suffered a severe ankle injury that was diagnosed as Osteochondritis dissecans which will require surgery. Plaintiff's other career is that of a certified mountain bike instructor. Because of that ankle injury he has not been able to teach any lessons. These lessons occur on the weekends, and my salary is between $275 + tips (averaging $20-50 per person, with up to 12 participants) as an assistant and $700 + tips (same as above) as lead instructor. These lessons are scheduled during multiple weekends in the fall and spring. Plaintiff also teaches 1 on 1 lessons in which he charges $75 an hour and teach throughout the year. An approximate loss of wages $7,000-10,000.

  Plaintiff reserves the right to supplement this response as ongoing medical evaluation and treatment records are received and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

6. Please identify all injuries or conditions you have had at any time in the parts of the body you claim were injured in the Incident.

   ANSWER: Plaintiff did not have any previous injuries to any of the body parts that were injured in the Subject Incident.

7. Please identify (date of treatment, nature of treatment name and address of provider) all treatment you have ever received for injuries or conditions in the parts of the body you claim were injured in the Incident.

<u>ANSWER</u>: Please see contemporaneously provided MR000001-000393.

8. Please itemize all costs, expenses, medical expenses, out of pocket expenses, and damages which you are seeking recovery for in this litigation.

    <u>OBJECTION</u>: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

    <u>ANSWER</u>: Subject to and without waiving the above objections, please see contemporaneously provided Bills000001-000039. Please also see Response No. 5. And please see below:

    - Piedmont Eastside Medical Center: $4,593.00.
    - Atrium Health Floyd Emergency Medical Services: $1,733.56
    - Atrium Health Floyd Medical Center: $48,550.55
    - Radiology Associates of Atlanta: $28.00
    - Shepherd Center: $1775.00.
    - Rome Radiology Group: $2,108.00.
    - SouthEastern Pathology, P.C., $260.50
    - Healthgram: $26,330.01

    Plaintiff reserves the right to supplement this response as ongoing medical evaluation and treatment records are received and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

9. Please identify each doctor, osteopath, chiropractor, physical therapist, therapist, eye specialist, hearing specialist, physician's assistant, nurse, nurse practitioner or practitioner of any healing art you have seen during the past ten years prior to your responses to these Interrogatories, whether related to the subject Incident or not. For each such medical professional, please identify the condition for which you were treated, the dates you saw the medical professional, the symptoms of which you complained, and the treatment rendered.

    <u>ANSWER</u>: Please see MR00001-000393. Which includes treaters related to the Subject Incident. Plaintiff also states that he underwent shoulder surgery approximately 5 to 7 years

6

ago. The shoulder surgery was done by Dr. John Xerogeanes at Emory University Hospital. Plaintiff reports that the condition has fully healed.

10. Please identify each injury, illness, medical condition and disability that you claim to have suffered as a result of the subject Incident.

    OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

    ANSWER: Subject to and without waiving the foregoing objections, Plaintiff states the following:

    - Plaintiff suffered a traumatic brain injury, my cognitive functionality significantly decreased. This caused a delay in the required training for his career. Being a clinical robotics specialist, Plaintiff is required to complete Mako Robotics training to be able to operate a Mako robot in the operating room. Once he can do so, he receives a $5,000 raise for being promoted from an Associate CSS to a CSS and then another $2,500 for each procedure that he can cover solo. The Mako can do total knee, partial knee, and total hip replacements. $2,500 raise per procedure x 3. So, another $7,500. Along with $2,500 for being able to cover a non-robotic knee replacement and $2,500 for a non-robotic hip replacement. For another $5,000. Plaintiff's injury caused problems with short term and long-term memory, so his training had to be delayed causing a loss in earnings. The promotion to CSS also comes with an increased bonus from 5% to 7% of the total salary. Starting salary of $60,000 at 5%. The injury delayed this promotion to 7% at $,000. CSS stands for Clinical Sales Specialist which means that a lot of my job is sales related, and the cognitive decline caused issues with memory thus affecting his ability to remember names and pertinent product information. Because of this, Plaintiff was not able to go on sales missions that would produce more profit for my team and increase possible end of the year bonuses.
    - Plaintiff also suffered a facial laceration above his eyebrow leaving a permanent scar. This also kept Plaintiff from going on sales missions and from being in the operating room after the accident due to possible exposure to biohazards.

- Finally, Plaintiff suffered a severe ankle injury that was diagnosed as Osteochondritis dissecans which will require surgery. Plaintiff's other career is that of a certified mountain bike instructor. Because of that ankle injury he has not been able to teach any lessons. These lessons occur on the weekends, and my salary is between $275 + tips (averaging $20-50 per person, with up to 12 participants) as an assistant and $700 + tips (same as above) as lead instructor. These lessons are scheduled during multiple weekends in the fall and spring. Plaintiff also teaches 1 on 1 lessons in which he charges $75 an hour and teach throughout the year. An approximate loss of wages $7,000-10,000.

Plaintiff reserves the right to supplement this response as ongoing medical evaluation and treatment records are received and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

11. For each doctor, osteopath, chiropractor, physical therapist, hospital or other health care facility, provider of health services, practitioner of any healing arts or any other person or entity with whom you treated, consulted or were examined for any injury, illness, medical condition or disability that you suffered as a result of the subject Incident, please list for each the total charges and all dates of service, and provide the following payment information:
    a. The charges for services that have not been paid, including the identity of any lien or other claim for payment by or on behalf of that provider.
    b. The charges for services paid by someone else (including but not limited to payments made by by Medicare, Medicaid, TriCare, Federal Health Employee Benefits (FEHB), VA Health Care, an employer provided health care plan, and ERISA plan or any third party) and identify each person or entity who paid the charges, the specific amounts paid by each such person or entity, and whether that person or entity is claiming a lien or other claim for payment.

    ANSWER: Please see Response No. 8.

12. Please identify each impairment rating, disability rating, activity restriction or other physical limitation you have been given, whether as the result of the subject Incident or some other condition or injury and identify what medical provider gave you such a rating.

    OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts,

which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

ANSWER: None at this time. Plaintiff reserves the right to supplement this response as ongoing medical evaluation and treatment records are received and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

13. Please identify each doctor, osteopath, chiropractor, physical therapist, practitioner of any healing arts or any other person that advised, recommended or instructed you not to work or to work at a reduced capacity at any time in the past five years.

    ANSWER: Plaintiff has not had any injury or illness prior to the Subject Incident that caused him to miss work in the last 5 years.

14. With regard to each and every policy of health or other insurance affording benefits which may apply to this loss that was in force on the day of the Incident under which you are the named-insured or have paid all or part of the policy premium please identify the named insured(s), the issuing insurance company(s), and state the policy number(s).

    ANSWER: Please see Bills000001, Bills000033.

15. Please identify any insurer, employer, person, or other entity which paid any of the bills arising from the Incident referenced in the Complaint or any Incident subject to identification in response to these interrogatories, please:
    a. Identify the health insurance carrier, HMO, PPO, funding company, and/or governmental or private organization or source; and
    b. State your policy number, participation number, member number, certificate number or any other identifying number by which each entity described in subsection (a) above identified you.

    ANSWER: Please see Response No.: 14.

16. Describe in detail how the Incident occurred, specifying each and every act or omission of the Defendant that you contend caused or contributed to your alleged injuries and damages.

    OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts,

9

which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

ANSWER: Plaintiff arrived at Jarrod's Place mountain bike park at approximately 9am. He purchased a pass and was on the first shuttle at 10am. He did a couple of warm up laps on the green and blue trails (intermediate trails). Once he warmed up, he started to do laps on Air Supply, which is the advanced jump line. Plaintiff had done this trail many times before that day. Plaintiff use to be the race organizer for Go Nuts Racing, and even used this trail as one of the Enduro stages for the first ever race held at Jarrod's place the year that it opened. So, Plaintiff has extensive knowledge of this trail and the entire system at Jarrod's Place. At around 1pm, Plaintiff was on Air Supply and had completed the largest jumps on the trail and was on the final jump before the trail ended. Upon landing that final jump, the left side of his SRAM handlebar snapped off on the left side sending Plaintiff's head into the stem and knocking him out and causing a high-speed crash. These jumps require 20+mph to clear safely. Plaintiff used "clipless pedals" which actually means your shoes are clipped into your pedals. This caused the severe injury to Plaintiff's left ankle from the force of gravity/speed/body weight going down into my ankle when the SRAM handlebar snapped. Plaintiff was wearing full personal protective equipment, including a "Fox Speedframe Pro" helmet, at the time of the incident. Plaintiff has no memory of the events immediately following the crash because of the head injury. The helmet was either destroyed during the incident or left behind at Jarrod's Place mountain bike park. Its current location is unknown to Plaintiff.

Plaintiff reserves the right to supplement this response as discovery is ongoing and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

17. If you have ever been convicted of or pled guilty to any felony or misdemeanor, (other than routine traffic violations), please state the nature of the offense, the date, and jurisdiction of the conviction.

    ANSWER: To the best of Plaintiff's recollection, he pleaded guilty to a reckless driving charge in Georgia approximately 20 years ago, and to a driving under the influence (DUI) charge in Florida approximately 15 years ago.

18. If you have ever filed for bankruptcy, please provide the name and address of the court where you filed for each bankruptcy, the year of filing, and the status or disposition of each bankruptcy filing.

    ANSWER: Plaintiff has never filed for bankruptcy.

19. As to any insurer, employer, person, or other entity which provided health insurance coverage to you on the day of the Incident referred to in the complaint, please identify the insurance carrier(s) and state your policy number(s) or any other identifying number(s).

    ANSWER: Please see Bills000001, Bills000033, and Response Nos.: 14 and 15.

20. Please whether in your possession or not, all documents which relate to the Incident.

    OBJECTION: This request is vague, ambiguous, and overly broad, particularly as to the scope of documents. It also seeks information not reasonably available to Plaintiff and requires speculation as to the existence, identity, and location of documents not within Plaintiff's possession, custody, or control. To the extent the request seeks to impose an obligation beyond that required by the rules of discovery, Plaintiff objects.

    ANSWER: Subject to and without waiving the foregoing objections, please see Bills000001-000039 and MR000001-000393, Misc000001-000031. Plaintiff reserves the right to supplement this response as discovery is ongoing and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

21. Please identify all addresses at which you have resided or stayed longer than three nights for the past ten (10) years, including the dates of residency or stays at each such address.

    ANSWER:
    - 6818 Buck Trail Dr. Harrison TN 37341. 2019-2022.
    - 197 Sandcastle Ct Dawsonville GA 30534. 2022-Present.

22. Please identify all documents which you may introduce at any trial or hearing in this matter.

    OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

23. Please identify all lawsuits or other legal proceedings other than this lawsuit, civil or criminal, to which you have been a party, including the court name, the case number, the nature of the case, and the disposition of the case.

ANSWER: None besides Response No. 17.

24. If you claim that the negligence of any person or entity, other than this Defendant contributed to or caused the alleged occurrence which gives rise to this litigation, please state as to each person his or her name and the manner in which he or she contributed to cause the alleged occurrence.

    OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

    ANSWER: None at this time. Plaintiff reserves the right to supplement this response as discovery is ongoing and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

25. Are you eligible to receive, actually receiving, or have you received any Medicare, Medicaid, or Social Security Disability benefits? If so, please state the sum of any and all benefits paid as a result of the injuries set forth in the Complaint.

    ANSWER: Plaintiff is not eligible or actually receiving Medicare, Medicaid, or Social Security Disability benefits.

26. Please state your full name, date of birth, social security number, and current address.

    OBJECTION: Plaintiff objects to providing his Social Security Number on a document that may become part of the public record, but is willing to share this information with Defendant through more secure means.

    ANSWER: Todd Michael Vanderhoof, 3/29/1985, 197 Sandcastle Ct Dawsonville GA 30534.

27. Please identify (name, address, telephone number) all schools you have attended, and any degrees or other certificates earned.

    ANSWER: Lee University, Bachelor of Science 2022.

28. Are you making a claim for lost wages or lost capacity to earn as a result of this Incident? If so, please state the total number of hours missed from work and the dates which said hours were missed.

    ANSWER: Please see Response Nos.: 5 and 10.

29. Please identify each job, employment, profession, occupation or work you have performed for the past ten years. Please state your positions or job title, dates of employment, and salary and/or rate of pay.

    ANSWER:
    - 2015-2019: Medical Assistant for Piedmont Internal Medicine $40,000.
    - 2019-2022: Plaintiff was in school and graduated with a health science degree with a Pre-Physician Assistant focus. During this time, Plaintiff was employed as the Race Organizer for Go Nuts Racing. $18 an hour. Job duties were to scout out potential trail systems. Access the skill level needed to ride these trails safely. Tape off the entire race course to allow riders to complete the course safely and never intersect with downhill riders. Plaintiff was also responsible for keeping our fleet of Specialized Full Suspension Carbon Fiber E-bikes maintained and serviced. Plaintiff and other employees used these bikes to set up anywhere from 10 to 30+ miles of race course. Plaintiff estimates that he would ride 100+ miles during the process of setting up, and taking down the race course.

    - 2022-2024: Sales Associate and Manager of Atlanta Cycling Roswell Ga. $50,000 plus bonuses. Job duties included but not limited to: becoming an expert in all the products that we sold (Trek bikes and their components). Components included but not limited to: SRAM, and Shimano. During which time Plaintiff completed SRAM's employee training program to become an expert on all the products that they offer including carbon fiber handlebars. After completing these training modules, SRAM gives employees a discount on their products for personal purchase. Plaintiff used this discount to purchase the subject handlebar that broke in the incident. Plaintiff's manager duties at Atlanta Cycling included but were not limited to: provided expert knowledge of the bikes and their components to customers, processing warranty claims for any component that we sold (SRAM included), the installation of SRAM and other components, safety checks for all the bikes that my shop built, etc.

    - 2024-Present: Associate CSS for Crosslink. $60,000 a year.

13

30. Please identify (the parties to the communication, the substance of the communication, the date of the communication, the place of the communication, and the form of the communication) all communications between you and the Defendant or its representatives or employees, other than those writings you are producing in response to Defendant's Requests for Production of Documents.

    ANSWER: None known to Plaintiff or in Plaintiff's possession, custody, or control.

31. Please identify all individuals who assembled the Handlebar for the first time.

    ANSWER: Atlanta Cycling Vinings Technician Kevin Schmenk. Mr. Schmenk built the entire bike from the frame up with all brand new Fox and SRAM components.

32. Please identify all places where you took the Handlebar for any type of maintenance. In your response, please state the name, address, the date, and the type of maintenance that was performed.

    ANSWER: The stem bolts were checked at Atlanta Cycling Roswell and Vinings by Tommy Barton (Roswell) and Kevin Schmenk (Vinings) per Atlanta Cycling's free "lifetime adjustments" that is provided when a bike is purchased through them.

33. Please identify all documents which would be responsive to Defendant's Requests for Production and Notice to Produce if they were in your possession, custody and control, but which are not in your possession. For each such document, please state the name, address and telephone number of each person or entity whom you believe has possession of the document.

    OBJECTION: This request is vague, ambiguous, and overly broad, particularly as to the scope of documents and the phrase 'would be responsive.' It also seeks information not reasonably available to Plaintiff and requires speculation as to the existence, identity, and location of documents not within Plaintiff's possession, custody, or control. To the extent the request seeks to impose an obligation beyond that required by the rules of discovery, Plaintiff objects.

    ANSWER: Subject to and without waiving the foregoing objections, please see Bills000001-000039 and MR000001-000393, Misc000001-000031. Plaintiff reserves the right to supplement this response as discovery is ongoing and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

34. Please identify any workers' compensation claim or claim for insurance benefits (other than this action or health insurance benefits) that you have made.

    ANSWER: None.

35. Please identify any person from whom you have obtained a written statement or recorded statement regarding the subject Incident.

    OBJECTION: Plaintiff objects to this Interrogatory to the extent it seeks disclosure of information protected by the attorney work-product doctrine and/or consulting expert privilege. Plaintiff further objects to this Interrogatory to the extent it seeks expert opinion and testimony in advance of Plaintiff's obligations to choose and produce those experts, which will be disclosed in accordance with the Court's scheduling order and/or the applicable rules of civil procedure.

    ANSWER: None in Plaintiff's possession, custody, or control. Plaintiff reserves the right to supplement this response as discovery is ongoing and as expert disclosures are made in accordance with this Court's scheduling order and/or the applicable rules of civil procedure.

36. Have you been involved in an incident while practicing a sport activity, including, but not limited to biking and kayaking? If so, please describe in as much detail as possible, the date of the incident, the place where the incident happened, the type of sport you were practicing, how the incident happened, and the injuries you sustained as a result of the incident.

    ANSWER: Plaintiff previously injured his right shoulder while playing baseball and later aggravated the same shoulder during whitewater kayaking, which ultimately led to shoulder surgery approximately 5 to 7 years ago, as previously noted. He also herniated two discs in his neck from weight training about 15 years ago, and two discs in his lower back approximately 12 to 13 years ago. Neither the neck nor back injuries resulted in any long-term issues.

Respectfully submitted,

MORGAN & MORGAN

/s/ *William Maxwell Compton*

**William Maxwell Compton, Esq.**
Georgia Bar No.: 380092
Morgan & Morgan, P.A.
501 Riverside Avenue, Ste. 1200
Jacksonville, FL 32202
Email: mcompton@forthepeople.com


/s/ *Eitan J. Goldrosen (pro hac vice pend.)*
**EITAN J. GOLDROSEN, ESQ.**
Florida Bar No.: 1025140
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (321) 361-3537
Email: egoldrosen@forthepeople.com
Secondary Email:
Precious.ramosdiaz@forthepeople.com

*Counsel for Plaintiff*

16

## VERIFICATION

STATE OF GEORGIA      )
                      ) ss.
COUNTY OF __Todd Vanderhoof__ )

  TODD VANDERHOOF, being first duly sworn, deposes and says that he has read the foregoing Responses Plaintiff's Interrogatories and knows the content thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth therein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of the answers; that consequently he reserves the right to make any changes in the answers if it appears at any time that omissions or errors may have been made therein or that more accurate information is or may become available; and that subject to the limitations set forth herein, the said answers are true to the best of his information, knowledge and belief.

*Todd Vanderhoof*

By:  Todd Vanderhoof

6/27/2025 | 11:31 AM EDT

Date:

17

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2025, I served a copy of the foregoing by electronic mail to all counsel of record:

Marc Hood
Kevan Dorsey
Catherine Ferrera
Debbie Hobgood
SWIFT, CURRIE, MCGHEE, & HEIRS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Phone: (404) 888-6157
Marc.hood@swiftcurries.com
Kevan.Dorsey@swiftcurrie.com
Catherine.ferrera@swiftcurrie.com
Debbie.hobgood@swiftcurrie.com